IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO INSURANCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-cv-0397-WTL-LJM |
| | ) | |
| **JOHN HEITKAMP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ENTRY ON MOTION TO RECONSIDER

This cause is before the Court on the Defendant's motion entitled Rule 59 Motion to Amend Entry and Request for Specific Findings in Support of Conclusions of Law. The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

As an initial matter, the Court notes that no judgment has been entered in this case; therefore Rule 59 is inapplicable, as there is no judgment that can be amended. Accordingly, the Court has considered the Defendant's motion to be a motion to reconsider the Court's ruling denying his motion for summary judgment and granting in part the Plaintiff's cross-motion for summary judgment.

The Defendant's motion consists of restating arguments that he made in the course of briefing the summary judgment motions. The Court considered those arguments and addressed them in its decision; therefore, there is no basis for reconsideration. *See, e.g., Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . .").

At the opposite extreme, in his reply[1] brief in support of his motion the Defendant disputes for the first time the statement contained in ¶ 43 of the Plaintiff's Statement of Material Facts Not in Dispute in its summary judgment brief that an April 28, 2005, letter indicated that he had been terminated from the Corporation as of the date of the sale to Wells Fargo, April 25, 2005. The Court referred to this undisputed statement in its decision; the Defendant now argues that the statement is false and also makes several completely new arguments regarding the import of the letter and its contents, and specifically the fact that the letter states that he was terminated "effectively immediately," rather than as of April 25th. Because "[r]econsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion," *id.*, the Court will not consider these new arguments.

The Defendant alternatively asks the Court to "provide specific Findings of Fact and Conclusions of Law with citations to proffered evidence regarding its determination as to how Mr. Heitkamp's employment agreement was legally transferred from the sole proprietorship to the separately existing and later formed corporation, so that the legal mechanism of such transfer is disclosed to the parties for further analysis and consideration." However, Federal Rule of Civil Procedure 52(c) provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." The Court's opinion explains the basis for its ruling; no additional findings are necessary.

---

[1]The Defendant filed a document entitled "surreply" which is actually his reply. *See* Local Rule 7.1(b) (providing for a motion, a response, and a reply). A surreply is a response to a reply, which may not be filed without leave of court except for in the summary judgment context as provided for in Local Rule 56.1(d).

SO ORDERED: 02/08/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas Barlow Blackwell
HOPPER & BLACKWELL
tblackwell@hopperblackwell.com,jogden@hopperblackwell.com

Debra Ann Mastrian
KRIEG DEVAULT
dmastrian@kdlegal.com

Elizabeth Gardner Russell
KRIEG DEVAULT
egr@kdlegal.com,smk@kdlegal.com